FILED

2005 JUN -8 AM 10: 40

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC.,
a Florida Corporation, and RUSS WHITNEY,
an individual,

vs.

JOHN T. REED, an individual,   Case No. 2:04-cv-00395-FTM-DNF (LAG)

Defendant.

DEFENDANT'S SECOND OPPOSITION TO PLAINTIFF'S **EMERGENCY** MOTION TO POSTPONE EVIDENTIARY HEARING AND DEPOSITIONS AND MEDIATION

Defendant, John T. Reed, *pro se* files this DEFENDANT'S SECOND OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO POSTPONE EVIDENTIARY HEARING AND MEMORANDUM OF LAW IN SUPPORT as follows:

1. On Monday, June 6, 2005, DEFENDANT JOHN T. REED (REED) received an email from Plaintiffs' counsel Christopher Sharp asking REED to agree to a continuance of at least a month of the evidentiary hearing scheduled for June 15, 2005. (Exhibit A)

2. This is the second time Plaintiffs have requested a continuance of the evidentiary hearing scheduled in response to their motion for an emergency preliminary injunction.

3. REED sent a responding email to Sharp (Exhibit A) that made the following points.

4. Rothstein Rosenfeldt is a 23-person law firm. That size has both advantages and disadvantages. One advantage is that the absence of a particular lawyer does not affect the litigation the way it does in a one-person law firm.

1

5.   Thus far, at least four Rothstein lawyers have claimed to be working on this case: Scott Rothstein, Christina Kitterman, Shawn Birken, and Christopher Sharp. In the last year or two, virtually all of Reed's contacts have been with Christina Kitterman. She has also signed virtually all legal filings in that time frame. Mr. Rothstein has had little to say during that time.

6.   REED is a *pro se*. This is not the trial. It is merely a two-hour hearing on a motion for an emergency preliminary injunction. Since the complaint also seeks a **permanent injunction** and trial is October 4, 2005, the present motion would **only have a four-month effect at most**. The notion that only a team of four lawyers led by the managing partner of a 23-person firm is up to the task of opposing a *pro se* in such a low stakes hearing is not credible.

7.   Mr. Rothstein's illness first became known on May 9, 2005 when it was used as a basis for requesting the continuance that rescheduled the May 13, 2005 evidentiary hearing to June 15, 2005. Given their knowledge of Mr. Rothstein's illness at that time, the Rothstein firm should have made contingency plans for handling the present June 15, 2005 hearing in the event of Mr. Rothstein's inability to attend. In other words, they had a month's notice to plan how to cover this two-hour hearing in the perhaps likely event of Mr. Rothstein's being indisposed.

8.   In January, a hearing was scheduled in a Lee County case by Whitney Information Network, Inc. against REED on REED's motion to dismiss for lack of personal jurisdiction and failure to state a cause of action. Christina Kitterman got that hearing continued on the

grounds that she had a death in her family. However, when the hearing was finally held in March, a previously unheard from lawyer named Shawn Birken was at the hearing, not Christina Kitterman. No explanation was ever given as to why Mr. Birken or Mr. Rothstein could not have handled the hearing as originally scheduled in January. Plaintiffs' first reason for continuing the May 13, 2005 hearing was a schedule conflict with Shawn Birken, the most junior counsel working on the case and a counsel whose name REED had not ever heard before he was put forth as a reason for requesting a continuance.

9. Thus far, the Rothstein firm has cited a death, an illness, and a scheduling conflict as bases for continuances in their various suits against REED, despite having at least four lawyers assigned to the case.

10. Given the incidence of schedule conflicts in legal practice and the human incidence of family deaths, illnesses, and injuries, it may be that Plaintiffs claim four lawyers have been assigned to this case to produce an endless series of such reasons for continuing hearings, depositions, trials, and so forth. A 23-person law firm can and should operate in a fashion that enables the "show to go on" in spite of such events.

11. REED has no knowledge of the specifics of Rothstein's illness. However, REED notes that Plaintiffs have a distinct pattern of using abuse of process to harass, intimidate, and increase the legal costs of opponents, but Plaintiffs also have manifested in multiple lawsuits an extreme aversion to letting Plaintiff RUSS WHITNEY (WHITNEY) or WHITNEY INFORMATION NETWORK, INC. (WIN) testify under oath or provide any discovery. Upon information and belief, the hearing for which a continuance is now being sought for the

second time would be the first time Plaintiff WHITNEY has testified under oath in this or any other recent litigation. Whatever the reason for the continuance, granting it would have the effect of letting WHITNEY escape, once again, giving testimony. Mr. Sharp's email to REED also requests a continuance of the scheduled deposition of WHITNEY and WIN.

12.     This request also appears to be WHITNEY'S litigation pattern: as soon as the WHITNEY side has to provide discovery or testimony, the litigation comes to a screeching halt.  This is what happened in the recent Matt Gagnon case (#03 CV 677-FTM-29-SPC), the ongoing Better Business Bureau [03-15947 CACE (09) Broward County] and Todd Dotson [0:2003cv62052 Altonag, Southern District of Florida, Fort Lauderdale] cases. When the Court stops granting continuances, Plaintiffs are likely do what they did in April in the Gagnon case: withdraw the suit.

13.     Plaintiffs say they will pay REED's travel costs if this motion is granted. That is also what they said the last time they got a continuance. And it is what the Court ordered. But Plaintiffs never paid REED for the **last** continuance-caused travel expenses.

## MEMORANDUM OF LAW

14.     As always, Plaintiffs claim "good cause" for this motion. But Plaintiffs have filed an extraordinary number of motions for enlargements and other delays in this litigation. These motions drain the Court's resources, harass REED, and increase his costs of litigation, and increase Plaintiffs' legal fees. In the last year or so, virtually every deadline imposed upon the Plaintiffs by the Court, the Federal Rules of Civil Procedure, or the Local Rules has been met with a motion from them for enlargement or continuance.

15. F.R.C.P. 1 says the Rules, "…shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." The cumulative effect of all the delays sought by plaintiffs is the exact opposite of the objective stated in Rule 1. The present emergency motion seeking still more delays should be denied for the reasons stated above.

Wherefore Defendant moves this court to deny PLAINTIFF'S EMERGENCY MOTION TO POSTPONE EVIDENTIARY HEARING AND DEPOSITIONS AND MEDIATION.

Respectfully submitted,

6/7/05
Date

John T. Reed, *Pro Se*
Defendant
342 Bryan Drive
Alamo, CA 94507
Telephone: 925-820-6292
Fax: 925-820-1259
email: johnreed@johntreed.com

5